George Wylesol, Clerk of Court
U.S. District Court, Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
Room 2609
601 Market Street
Philadelphia, PA 19106

SUBJECT: Pro Se response to Case 2:22-cv-02775-TJS filed 7/18/22, complaint received 9/8/22

Copy to Brian P. McCafferty
Via email cafstar@aol.com
McCafferty Law Firm LLC
117 Swamp Road
Newtown, PA 18940


ANSWERS TO COMPLAINT

NB: The entirety of this Complaint is based in mistruth. Attorney McCafferty was so informed in a letter from my father, S Dennis Somach, who will attest to this, and will also attest to the lifelong mental state of the plaintiff which has driven this current vendetta. Please note that if this complaint is not dismissed, I intend to file a complaint against Attorney McCafferty for violations of Rule 11. Since the plaintiff lives out of the country, and I believe him to have made himself judgment-proof, that will have to suffice.


1. Denny Somach Productions (hereafter referred to as DSP) is not based in the Philadelphia area.
2. DSP was incorporated in 1979 and conducted no business in the 1960's and most of the 1970's.
3. Theodore Somach is not now or ever been a "partner" in DSP and has never had any involvement in the company's affairs.
4. Theodore Somach never purchased any rights from DSP to any of its copyrighted content and is not the current global rights owner of said content, nor does he own any other rights related to DSP content.
5. Theodore Somach does not own and/or control any rights belonging to DSP and its affiliated companies. The claim to own the exclusive rights to possess, control, sell and license any of its copyrighted content is blatantly false and potentially damaging to the company and to my father, the rightful owner, S Dennis Somach.
6. Neither of Theodore Somach's two siblings, Emily Somach or Reilly Somach, have collectively or individually possessed, used, or licensed any copyrighted content to third parties in any unauthorized manner.

7. There is no source nor justification for any written or verbal requests or demands by Theodore Somach as have been outlined in the filing. Neither of us, Emily Somach nor Reilly Somach, has ever violated DSP's legal rights in any fashion.

ANSWERS TO ALLEGATIONS AND COUNTS

1. Theodore Somach was never a partner in DSP or the third-party entity that owns and/or controls the rights to the content.
2. Theodore Somach was never actively involved in DSP, the conducting of interviews, producing content, or managing the business of DSP.
3. We are unaware of Theodore Somach's whereabouts and cannot substantiate his claim to be a resident residing in the European Union. Although born in Pennsylvania, he was raised and formerly resided in the Commonwealth of Massachusetts. He has told our father, S Dennis Somach, that he is not allowed back in the United States. I have no idea if this is true or not.
4. There are no prior owners and rights holders to anything produced by DSP. All the content remains the sole property of DSP, of which S Dennis Somach is the sole owner. TWS Holdings, LLC and Entertainment Distribution Group, Inc. have no rights to anything owned by DSP.
5. DSP was not "involved in the music industry of the 1960s through the 1990s." Denny Somach's company was incorporated in 1979 and is still active.
6. The fact that Denny Somach worked for WYSP has no connection to his conducting interviews or producing programming for DSP.
7. Neither Emily Somach nor Reilly Somach took unauthorized possession of any master tapes of music and music interview content and do not continue to possess said content; nor has either of them financially benefited by exploiting said content for their own financial gain in violation of any federal copyright laws.
8. Theodore Somach is not and has never been the owner of any content owned by DSP nor the rights which are controlled by a third-party entity.
9. All audio and video interview content and all associated and relative exploitable derivative mediums, past, present, and future, constitute original works which have been copyrighted by DSP and affiliated entities. DSP has been and still is the sole owner of all rights, title, and interest in and to its copyrights in these works.
10. Theodore Somach and his companies have in fact copyrighted audio and video content belonging to DSP without authorization and have made unauthorized derivative works based on DSP's original works. Action has not been taken as of this date due to various considerations, however this does not indicate any 'gift' or lack of intention to correct this infringement.
11. Unlawful and deliberate conduct as set forth above, has been, and will continue to be damaging to DSP and its licensees, and because Mr. Somach is my father, it is damaging to me, personally. Theodore has made vile threats to us, primarily through email. I do not wish to be deprived of my father because my brother's actions have been a constant source of stress.

12. DSP's audio and video interview content, including physical cassette tapes, mini discs, CDs and digitized/derivative formats (i.e., written text) constitute original works and copyrightable subject matter pursuant to the Copyright Act, and at all relevant times, DSP has been and still is the owner of all rights, title and interest in and to its copyrights in these works.
13. Theodore Somach, personally and through his companies have distributed DSP's copyrighted audio and video content without authorization. The fact that DSP and Mr. Somach have not taken action should not be construed as agreement with the plaintiff's unauthorized and potentially illegal behaviors.
14. Our mother is dead and while I do not wish to make a statement against her, it is fact that although she signed a paper indicating that she wished to leave her estate to her husband, Mr. Fragasso, and Reilly and Emily Somach, that estate had a negative value at her death, that is it contained only debts. She had sold her interest in a company that had copies of our father's intellectual property to two other people (for a total of 100%.) All that was left was some old personal belongings of no real value. I believe that her deliberate exclusion of Theodore from her paper wishes has fueled this vendetta.

PRAYER FOR RELIEF

I seek immediate relief.

1. Judgment against the Plaintiff.
2. An order of protection keeping Theodore Somach from having any contact with me, by any means.
3. An order of protection keeping Attorney McCafferty from having any contact with me, by any means.
4. Such all other relief as the Court deems necessary.

Respectfully submitted,

/s/ Reilly Somach
25 Washington St Unit #4
Beverly MA 01915-5839
(978) 273-2939
reillysomach@gmail.com

Defendant

Dated September 8, 2022