TO: UNITED STATES DISTRICT COURT FOR EASTERN PENNSYLVANIA

# CIVIL ACTION / CASE # 22-cv-2775. (SEE ATTACHED)

THEODORE SOMACH and INTERTEC EUROPE SRL - PLAINTIFF

V.

JONATHAN FIRSTNBERG: EMILY SOMACH: REILLY SOMACAH: PHIL FRAGASSO

*(#22-cv-2755  THIS CIVIL ACTION WAS SENT TO THE WRONG ADDRESS. IT WAS SENT AND I RECEIVED VIA EMAIL)*

ANSWER: **JONATHAN FIRSTENBERG**

THE PLAINTIFF DOES NOT HAVE STANDING TO SUE THE DEFENDANTS.
   Neither Plaintiff, Denny Somach, nor DSP own the audio assets described in the Original Complaint.

   EXPLANATION:
1. Ownership and exclusive use of the audio assets described in the Original Complaint (hereinafter "Assets") were awarded to Kathleen Somach in 2004 by Arbitrator's Decision and Award filed in the Court of Common Pleas, Delaware County, Pennsylvania No. 01-306 (Civil Action-Law) by the Arbitrator, David E. Auerbach, Esq (hereinafter "Arbitration Award"). Dennis Somach was a party to, and bound by the Arbitration Award. Accordingly, Plaintiff's claim to have purchased the Assets from DSP in 2013 is false and an impossibility since DSP did not own the Assets at the time of Plaintiff's alleged purchase.

2. As further evidence of Kathleen Somach's ownership of the Assets, she used the Assets to produce a radio show ("The Classics") nationally syndicated weekly to 250 radio stations nationwide at least until 2009, and used her earnings therefrom to support herself and her children including Plaintiff. Again, her right to use the Assets in such a manner were awarded to her by the Arbitration Award, to which Dennis Somach was a party. Accordingly, Dennis Somach's tacit acceptance of Kathleen Somach's exploitation of the Assets for at least 5 years after the Arbitration Award is further evidence of Dennis Somach's non-ownership the Assets and his acceptance of that status.

3. Dennis Somach and DSP purported to sell the Assets to Plaintiff knowing they were owned by Kathleen Somach. If Plaintiff was aware of this at the time of Plaintiff's purported purchase, both he and Somach may have committed fraud by filing this complaint.

4. Because of the preceding explanation, this lawsuit is frivolous and should be immediately dismissed.

*[Signature]*
JONATHAN FIRSTENBERG       11/16/22

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| THEODORE SOMACH; INTERTECH EUROPE, SRL<br><br>*Plaintiff(s)*<br>v.<br><br>JONATHAN FIRSTENBERG; EMILY SOMACH; REILLY SOMACH; PHIL FRAGASSO<br>*Defendant(s)* | Civil Action No.   22-cv-2775 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Jonathan Firstenberg
125 South Grand Avenue
Los Angeles, CA 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
BRIAN P. MCCAFFERTY
McCafferty Law Firm, LLC
117 Swamp Road
Newtown, PA 18940

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   7/18/22

s/ *Frank Del Campo*
*Signature of Clerk or Deputy Clerk*



**George Wylesol, Clerk of Court**
U.S. District Court, Eastern District of PA

JS 44 (Rev. 10/20)  Case 2:22-cv-02775-CIVIL COVER SHEET 07/18/22   Page 1 of 1

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Theodore Somach and Intertec Europe SRL

**(b)** County of Residence of First Listed Plaintiff   **Sofia, Bulgaria, EU**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
McCafferty Law Firm, LLC, 117 Swamp Road, Newtown, PA 18940, (267) 872-0852

## DEFENDANTS
Phil Fragasso, Emily Somach, Reilly Somach and Jonathan Firstenberg

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [x] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Copyright Act, 17 U.S.C. Sec. 101, et seq.

Brief description of cause:
Violation Of Copyright Act, unauthorized use of copyrighted content

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____    DOCKET NUMBER _____

DATE: 7-18-22

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **Intertec Europe, SRL, Bucharest, Romania, European Union**

Address of Defendant: **Phil Fragasso, 25 W. Trevor Hl, Plymouth, MA 02360**

Place of Accident, Incident or Transaction: **Philadelphia, PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when Yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is  ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **07/18/2022**   _[signature]_   **66257**
       Attorney-at-Law   Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a ✓ in one category only)

**A.   Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify): **Copyright Act-Copyright Infringement**

**B.   Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify): _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Brian McCafferty**, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **07/18/2022**   _[signature]_   **66257**
       Attorney-at-Law   Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE SOMACH and <br> INTERTEC EUROPE, SRL <br>           Plaintiffs <br> v. <br><br> PHIL FRAGASSO, <br> EMILY SOMACH, <br> REILLY SOMACH, and <br> JONATHAN FIRSTENBERG, <br>           Defendants. | : <br> : <br> :   CIVIL ACTION <br> : <br> :   CASE NO. <br> : <br> : <br> : <br> : <br> : <br> : |

## ORIGINAL COMPLAINT

Plaintiffs Theodore Somach and Intertec Europe SRL, (collectively "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendants Phil Fragasso, Emily Somach, Reilly Somach and Jonathan Firstenberg (collectively "Defendants") allege based upon personal knowledge and relevant documents, as follows:

### I. INTRODUCTION

1. Denny Somach Productions, based in the Philadelphia area, (hereafter "DSP") is one of the most successful independent producers of syndicated and network radio programming in the United States. Particularly, DSP content focused on rock and roll music and its collaborations and content goes all the way back to the 1960s and 1970s rock and roll era of The Beatles, The Rolling Stones, Led Zeppelin and similar rock and roll bands.

2. DSP's landmark programming includes Legends of Rock, Great Moments In Rock (hosted by Bob Costas), Live from the Hard Rock Café for NBC, Rolling Stone

1

Magazine's Continuous History Of Rock and Roll for ABC, and Psychedelic Psnack for Westwood One, and many others. Specifically, DSP content includes rare audio and video interviews with numerous rock and roll legends.

3. Plaintiff Theodore Somach is the son of Denny Somach and his former partner in DSP and other related ventures. Theodore Somach was actively involved in DSP, both in conducting interviews and producing content but also in managing the business of DSP. Moreover, Plaintiff Theodore Somach purchased the rights from DSP to all of the copyrighted content in controversy in this case in 2013 and Plaintiffs are now the current global rights owners of said content.

4. As part of Plaintiffs' focus on the history of rock and roll music, both in retrospective and as it was actually happening, Plaintiffs have spent decades accumulating valuable and original content pertaining to the history of rock and roll music. Such content is particularly of value at the present time with the proliferation of digital media outlets, including Apple Music, Amazon Music, Tidal, YouTube, Spotify, etc., along with traditional physical distribution channels such as Terrestrial radio, Satellite radio (Sirius/XM), television programming and licensing, etc. These entities broadcast and sell access to podcasts, interviews and other types of original content of the types that Plaintiffs possess.

5. Plaintiffs own and/or control the exclusive rights to the copyrights of all of its content. Plaintiffs own the exclusive rights to possess, control, sell and license all of its copyrighted content. The sale of content that is owned, based on or copies from the original content of Plaintiffs violates their exclusive rights under the federal Copyright Act, 17 U.S.C §101, et seq.

2

6. Defendants Phil Fragasso, Emily Somach Reilly Somach and Jonathan Firstenberg have collectively possessed, used, and licensed and sold Plaintiffs' copyrighted content to third-parties in an unauthorized manner and in blatant violation of Plaintiffs' legal rights as owners of said content. Plaintiffs have numerous times made both written and verbal requests and demands to each of the Defendants to cease and desist from using Plaintiffs' copyrighted content. Thus far, Defendants have ignored Plaintiffs' warnings and requests and have continued to use Plaintiffs' content in clear violation of Plaintiffs' legal rights as owners of said content.

7. Defendants' infringement has harmed Plaintiffs and diminished the value of Plaintiffs' copyrighted content, as well as causing Plaintiffs an enormous loss of revenue from Plaintiffs' inability to sell and market said content. If left unchecked, Defendants will continue to infringe and cause damage. Accordingly, Plaintiffs bring this lawsuit against Defendants to both stop this infringement and to recover damages for the legal harms caused by Defendants.

**II. PARTIES**

8. Plaintiff Intertec Europe SRL, a VAT Registered Corporation, is headquartered in Bucharest, the capital city of the European Union member state of Romania.

9. Plaintiff Theodore Somach is an adult individual who currently resides in the European Union, but was born, raised and formerly resided in the Philadelphia area and within this judicial district. Plaintiff Somach's former Pennsylvania corporations TWS Holdings, LLC and Entertainment Distribution Group, Inc. were the prior owners and rights holders of DSP content.

3

10. Defendant Phil Fragasso is an adult individual who resides in the Commonwealth of Massachusetts.

11. Defendant Emily Somach is an adult individual who resides in the State of Maryland.

12. Defendant Reilly Somach is an adult individual who resides in the Commonwealth of Massachusetts.

13. Defendant Jonathan Firstenberg is an adult individual who resides in the State of California.

### III. JURISDICTION AND VENUE

14. This is a civil action in which the Plaintiffs seek injunctive relief and damages under the Copyright Act, 17 U.S.C. §101, et seq. As such, the Court has original jurisdiction over Plaintiffs' copyright infringement claims pursuant to the federal question jurisdiction provisions of 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has personal jurisdiction over Defendant Phil Fragasso because Fragasso systematically transacts business in Pennsylvania, committed tortious acts in Pennsylvania, and Plaintiffs' claims arise from those activities. In particular, Defendant Fragasso obtained the property in controversy in this matter from Kathleen Somach, a former resident of Pennsylvania who transported the physical property from Pennsylvania to Massachusetts after stealing it from the DSP office in Havertown, Pennsylvania. Defendant Fragasso is aware that the property is rightfully owned by Theodore Somach and his companies all of which were based in the Philadelphia area in Pennsylvania.

16. This Court has personal jurisdiction over Defendant Emily Somach because Emily Somach formerly resided in Pennsylvania, committed tortious acts in Pennsylvania,

and Plaintiffs' claims arise from those activities.

17. This Court has personal jurisdiction over Defendant Reilly Somach because Reilly Somach formerly resided in Pennsylvania, committed tortious acts in Pennsylvania, and Plaintiffs' claims arise from those activities.

18. This Court has personal jurisdiction over Defendant Jonathan Firstenberg because Firstenberg committed tortious acts in Pennsylvania, and Plaintiffs' claims arise from those activities. Specifically, Firstenberg made unsuccessful solicitations to Denny Somach in the Commonwealth of Pennsylvania to obtain the rights to the content he is now illegally using.

19. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because Defendants conduct, transact and/or solicit business in this District, and a substantial portion of the acts of copyright infringement and other events and omissions alleged herein occurred in this judicial District.

### IV.   GENERAL ALLEGATIONS

#### 1.   Plaintiffs Accumulate Decades Of Valuable Audio And Video Music and Music Interview Content.

20. Over several decades of a career involved with and associated with the music industry, and in particular the "rock-and-roll" music industry of the 1960s through the 1990s, Denny Somach accumulated unique and rare music-related content of that time period. Most specifically, Denny Somach obtained and recorded lengthy interviews of legendary rock-and-roll singers, musicians and bands contemporaneous with the height of their stardom.

21. Denny Somach's career entailed several pursuits related to the music

industry. During the late 1970s and early 1980s, Somach was a disc-jockey and program director at famous then rock-and-roll radio station WYSP-FM in Philadelphia.

22. Given that WYSP-FM (along with WMMR-FM) was one of only two dominant rock-and-roll radio stations in the Philadelphia area, it was commonplace for the most popular rock and roll bands to use WYSP-FM to promote area concert appearances and new release of record albums or singles. Oftentimes, promotion of concerts or the release of new music involved bands and performers giving interviews to Denny Somach because of his prominence in the Philadelphia rock-and-roll music scene during the 1960s through the 1980s.

23. In 1981, Denny Somach started his own independent production company called Denny Somach Productions ("DSP"). Over several decades, DSP produced numerous successful radio programs, some of which were widely syndicated on national radio stations. Moreover, with the advent of cable television and in particular the cable TV channel MTV in the early 1980s, Denny Somach and DSP became more involved in producing video content for cable television, including programs for MTV, Cable Music Channel and NBC.

24. For each item of music and interview content accumulated by Plaintiffs, Plainitffs have invested substantial sums of money, time, expertise, industry knowledge and contacts in the rock-and-roll industry, and creative talent to produce and develop such content, which are protected by copyright.

25. Plaintiffs invest significant resources to advertise and promote its content worldwide. More broadly, Plaintiffs have invested decades of effort accumulating extremely rare and unique music content that remains of interest to generations of rock-

and-roll music fans.

26. With the proliferation of music streaming and podcast content subscription services such as Apple Music, Amazon Prime and Spotify, Plaintiffs' music and interview content is more valuable now than ever.

27. The revenues from Plaintiffs' licensing of its content is important to their financial health and continued investment in developing and promoting its content.

**2.     Defendants And Their Infringing Conduct.**

28. Most of the Defendants are related to Plaintiff Theodore Somach either biologically (in the case of Emily and Reilly Somach who are siblings of Theodore Somach) or by marriage (Phil Fragasso is the third husband of Plaintiff Somach's mother, Kathleen Somach, and knew her less than three years before she died of terminal brain cancer).

29. All of the Defendants took advantage of family turmoil within the Somach family following the divorce of Denny and Kathleen Somach, as well as Kathleen Somach's terminal brain cancer, to take unauthorized possession of a substantial amount of music and interview content that exclusively belongs to the Plaintiffs. Specifically, Defendant Emily Somach took unauthorized possession of several master tapes of music and music interview content and continues to possess said content although she has no legal right to possess, use or license said content.

30. Additionally, Defendant Phil Fragasso and Reilly Somach have had unauthorized possession and use of Plaintiffs' music and music interview content and have financially benefited by exploiting said content for their own financial gain in violation of

7

federal copyright laws.

31. Defendant Jonathan Firstenberg attempted to get Denny Somach to sign an agreement releasing his rights to the use of some of the copyrighted materials in controversy in this case, but Denny Somach refused to sign any such agreement. Denny Somach further advised Defendant Firstenberg that his ex-wife Kathleen Somach and her then husband (Defendant Fragasso) did not have the rights to use the material in controversy.

32. Defendant Firstenberg ignored Denny Somach's warning and has illegally used the content in question anyway. Currently, Firstenberg and his company 3ear Music are illegally selling Plaintiffs' interview content as NFTs (Non-Fungible Tokens) on a website titled "Voices of Classic Rock -Prized Conversations" found at vocr.org.

33. The infringement of Plaintiffs' copyrights on Plaintiffs' content is widespread and systematic. Defendants directly infringed upon Plaintiffs' exclusive rights of reproduction, licensing and distribution to the public in violation of 17 U.S.C. §§ 106(1)-(3).

34. Defendants' ongoing infringement of Plaintiffs' copyrights harms Plaintiffs in many ways. Specifically, Defendants' conduct has deprived Plaintiffs of use and possession of several items of content, including master tapes, that rightfully belong to the Plaintiffs. Moreover, Defendants' unauthorized use and licensing of Plaintiffs' content has devalued said content and diverted revenues to Defendants that rightfully belonged to Plaintiffs.

Case 2:22-cv-02775-TJS   Document 1   Filed 07/18/22   Page 8 of 13

## COUNT ONE

### All Plaintiffs vs. All Defendants

### Direct Copyright Infringement – Unauthorized Reproduction
### 17 U.S.C. § 106(1)

35. Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein.

36. Plaintiffs' audio and video interview content and all associated and relative exploitable derivative mediums, past, present and future, constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §101, et seq. At all relevant times, Plaintiffs have been and still are the owners of all rights, title and interest in and to its copyrights in these works.

37. Defendants have copied and reproduced Plaintiffs' copyrighted audio and video content without authorization.

38. As detailed above, Defendants, without permission or consent of Plaintiffs, have made unauthorized reproductions of Plaintiffs' work. Such activity constitutes infringement of Plaintiffs' copyrights and exclusive rights under copyright in violation of the Copyright Act, 17 U.S.C. §§ 106(1), and 501.

39. Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious and willful. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been and will continue to be damaged.

40. Defendants' actions described above, which are ongoing, have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no

remedy at law. Unless Defendants are restrained by this Court from continuing its infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## COUNT TWO

### All Plaintiffs vs. All Defendants
### Direct Copyright Infringement – Unauthorized Derivative Work
### 17 U.S.C. § 106(2)

41. Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein.

42. Plaintiffs' audio and video interview content and all associated and relative exploitable derivative mediums, past, present and future, constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §101, et seq. At all relevant times, Plaintiffs have been and still are the owners of all rights, title and interest in and to its copyrights in these works.

43. Defendants have prepared unauthorized derivative works from Plaintiffs' copyrighted audio and video content without authorization.

44. As detailed above, Defendants, without permission or consent of Plaintiffs, have made unauthorized derivative works based on Plaintiffs' original works. Such activity constitutes infringement of Plaintiffs' copyrights and exclusive rights under copyright in violation of the Copyright Act, 17 U.S.C. §§ 106(2), and 501.

45. Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious and willful. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been and will continue to be damaged.

46. Defendants' actions described above, which are ongoing, have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless Defendants are restrained by this Court from continuing its infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## COUNT THREE

### All Plaintiffs vs. All Defendants
### Direct Copyright Infringement – Unauthorized Distribution
### 17 U.S.C. § 106(3)

47. Plaintiffs incorporate by reference and re-allege all of the foregoing paragraphs as if fully set forth herein.

48. Plaintiffs' audio and video interview content, primarily physical cassette tapes, mini discs, CDs and digitized/derivative formats (i.e. written text) constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §101, et seq. At all relevant times, Plaintiffs have been and still are the owners of all rights, title and interest in and to its copyrights in these works.

49. Defendants have distributed Plaintiffs' copyrighted audio and video content without authorization.

50. Defendants have distributed derivative works based on Plaintiffs' copyrighted audio and video content without authorization including in the form of NFT's via the website VOCR.org, short for "Voices of Classic Rock-Prized Conversations."

51. As detailed above, Defendants, without permission or consent of Plaintiffs, have made unauthorized distributions of Plaintiffs' work and derivative works based on Plaintiffs' content. Such activity constitutes infringement of Plaintiffs' copyrights and exclusive rights under copyright in violation of the Copyright Act, 17 U.S.C. §§ 106(3), and 501.

52. Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious and willful. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been and will continue to be damaged.

53. Defendants' actions described above, which are ongoing, have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless Defendants are restrained by this Court from continuing its infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## JURY DEMAND

54. Plaintiffs demand trial by jury on all claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek relief from this Court as follows:

(a) Judgment in favor of the Plaintiffs on each of the counts set forth above, including a ruling that Defendants' conduct was intentional and willful;

(b) An Order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts alleged above, including Plaintiffs' actual damages and Defendants' profits from the infringement, or in the alternative, statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. §504;

(c) An Order enjoining Defendants and all persons who are in active concert or participation with the Defendants from further infringing upon Plaintiffs' copyrights, pursuant to 17 U.S.C. §502;

(d) Plaintiffs' costs and attorney's fees, 17 U.S.C. §505;

(e) Prejudgment and post-judgment interest at the applicable rate;

(f) For all such other relief as the Court deems just and proper.

Respectfully Submitted,

McCAFFERTY LAW FIRM, LLC

/s/ **Brian P. McCafferty**

BRIAN P. MCCAFFERTY, ESQUIRE
PA Bar No. 66257
117 Swamp Road
Newtown, PA 18940
Telephone: 267-872-0852
E-Mail: cafstar@aol.com

**Attorneys for Plaintiffs**

Dated: July 18, 2022

13

Jonathan Fistenberg
2 Maxwell Drive
#525
Sleepy Hollow, NY 10591



USPS Priority Mail label
$9.00
Origin: 10591
11/16/22
EXPECTED DELIVERY DAY: 11/18/22

SHIP TO:
601 MARKET ST
RM 2609
PHILADELPHIA PA 19106-1732

USPS TRACKING #: 9505 5148 5853 2320 4719 86

George Wylesol, Clerk of Court
US District Court, EDPA
James A. Byrne US Courthouse
Room 2609
601 Market Street
Philadelphia, PA 19106

RECEIVED NOV 18 2022