IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID KELLEY,<br>AVIEL FELIX, and<br>JILL GOLDSTONE,<br><br>    Plaintiffs-Intervenors,<br><br>  v.<br><br>THEODORE SOMACH,<br>INTERTEC EUROPE, SRL,<br>EMILY SOMACH, and<br>REILLY SOMACH,<br><br>    Intervention-Defendants. | Civil Action No. 22-02775-JFM |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

    Plaintiffs-Intervenors David Kelley ("Kelley"), Aviel Felix (formerly known as Aviel Faliks) ("Felix"), and Jill Goldstone ("Goldstone") for their Verified Complaint for Declaratory and Injunctive Relief against Intervention-Defendants Theodore Somach, Intertec Europe, SRL, Emily Somach, and Reilly Somach, hereby allege as follows:

**NATURE OF THE ACTION**

    1.  Plaintiffs-Intervenors together own 100% of a collection of audio recordings known as the "Voice of Classic Rock" (or "VOCR") collection, which consists of (a) interviews of rock and roll artists that were recorded between the late 1960s and the early 2000s and, (b) radio programs that aired under the name the "Classics" between 1987 and 2008 and that made use of many of the interviews.

2. Plaintiffs-Intervenors have recently learned that some or all of the original audio tape recordings comprising the VOCR collection, which they own, have been located and are at issue in the action before this Court brought by Theodore Somach and Intertec Europe, SRL (collectively, "Plaintiffs/Intervention-Defendants").

3. Plaintiffs-Intervenors seek possession of those tapes as well as a declaration from the Court that they are the sole owners of them, as well as the entirety of the VOCR collection, rather than Plaintiffs/Intervention-Defendants, who wrongfully claim ownership of the collection through the action they filed in this Court.

4. Plaintiffs-Intervenors also seek an injunction ordering Emily Somach and Reilly Somach (collectively, "Defendants/Intervention-Defendants") or whoever currently possesses the original audio tapes to turn them over to a Court-approved third party for safekeeping pending conclusion of this action.

**PARTIES**

5. Plaintiff-Intervenor David Kelley is a person who resides at 64 Horseshoe Road, Darien, CT 06820.

6. Plaintiff-Intervenor Aviel Felix (FKA Aviel Faliks) is a person who resides at 56 Force Hill Road, Livingston, NJ 07039.

7. Plaintiff-Intervenor Jill Goldstone is a person who resides at 112 Christian Street, Apartment C, Philadelphia, PA 19147.

## JURISDICTION

8. This Court has jurisdiction over the claims asserted in this Verified Complaint for Declaratory and Injunctive Relief under 28 U.S. Code § 1367 because the Court had original jurisdiction over the claims asserted by Plaintiffs/Intervention-Defendants, and the claims asserted herein are so related to the claims asserted by Plaintiffs/Intervention-Defendants that such claims form part of the same case or controversy under Article III of the United States Constitution.

## BACKGROUND

9. The VOCR collection was originally owned by Kathleen Wittbold ("Wittbold"), who died on July 25, 2020. Wittbold was known by other names including Kathleen Marie Somach.

10. Wittbold produced the radio programs known as the Classics that are part of the VOCR collection and she collected and compiled the tape-recorded interviews of numerous famous rock and roll artists that are also part of the VOCR collection.

11. Plaintiff/Intervention-Defendant Theodore Somach is the son of Wittbold and Dennis Somach. Wittbold and Dennis Somach were married at one time but divorced in 2004. They had two other children, Defendants/Intervention-Defendants Emily Somach (Plaintiff's twin) and Defendant Reilly Somach.

12. Before she died, Wittbold sold 100% of the VOCR collection to Plaintiffs-Intervenors in a series of transactions from 2008 to 2018. In fact, Wittbold apparently purported to sell Plaintiffs-Intervenors more than 100% of the VOCR collection,

which is impossible, meaning that Wittbold sold 100% of the VOCR collection to Plaintiffs-Intervenors.

13. Extensive evidence proving that Plaintiffs-Intervenors purchased 100% of the VOCR collection from Wittbold can be provided in discovery, but this conclusion is evident from the following documents.

14. Exhibit 1 hereto is a true and correct copy of a document entitled "Contract Amendment" signed by Wittbold and Kelley and dated August 8, 2014, but without the exhibits attached. Point 4 on page 2 of this document indicates that Wittbold sold Kelley 52.125% of the VOCR collection.

15. Exhibit 2 hereto is a true and correct copy of the document described as "Exhibit A of the Bill of Sale" in the second line of the second paragraph of the Contract Amendment attached as Exhibit 1 hereto. Exhibit 2 describes the VOCR collection as follows:

> All assets included in the Classic Rock Interview Archive and Show Library including, without limitation:
>
> 1. Artist interviews from 1963 through 2007
>
> 2. Classic radio shows from 1987 through 2008.

16. Exhibit 3 hereto is a true and correct copy of the document described as "KMS Productions-Audio Inventory" in the third and fourth lines of the second paragraph of the Contract Amendment.

17. Exhibit 4 hereto is the document described as "The Rock of the Century/ The Classics: Complete List of Two Hour Weekly Syndicated Programming 5/24/1999-

5/19/2008" in the fifth and sixth lines of the second paragraph of the Contract Amendment.

18. Exhibit 5 hereto is a true and correct copy of a document entitled "Bill of Sale" signed by Wittbold and Felix dated December 13, 2011, by which Wittbold sold Felix an additional 6% of all assets in the VOCR collection, bringing his ownership to 40.58% in the VORC collection. It describes the VOCR collection as follows:

> All assets included in the Classic Rock Interview Archive and Show Library including, without limitation:
>
> 1. Artists Interviews from 1963 through 2007, including but not limited to all audio content in the "KMS Productions Audio Inventory".
>
> 2. Classic Radio Shows from 1987 through 2008, including but not limited to radio shows known as "The Rock of the Century/ The Classics", two hour weekly syndicated programming from 5/24/1999 – 5/19/2008.
>
> 3. Any and all other radio shows and artists interviews owned by Kathleen Marie Somach.

19. Exhibit 6 hereto is a true and correct copy of a document entitled "Memorandum of Agreement: Somach-Wittbold/Bernhardt-Goldstone Voices of Classic Rock (VOCR)" signed by Wittbold and Goldstone and dated March 1, 2014. It states as follows:

> This document confirms the sale of 2.5% of Kathleen Somach Wittbold's Audio Library (VOCR – Voices of Classic Rock) to Jill Bernhardt Goldstone (JBG).
>
> Kathleen Somach Wittbold (KSW) received an $8,000 loan payment from Jill Bernhardt Goldstone. JBG agrees to receive 2.5% of the sale of the VOCR library to settle the payment of this loan in full, in

addition to whatever sum over and above this amount shall result from VOCR sale equaling her 2.5% ownership.

20. Exhibit 7 hereto is a true and correct copy of a document entitled "Memorandum of Agreement: Somach-Wittbold/Bernhardt-Goldstone Voices of Classic Rock (VOCR)" signed by Wittbold and Goldstone and dated March 5, 2014. It states as follows:

> This document confirms the sale of 9.5% of Kathleen Somach Wittbold's Audio Library (VOCR – Voices of Classic Rock) to Jill Bernhardt Goldstone (JBG).
>
> Kathleen Somach Wittbold (KSW) received an $18,000 loan payment from Jill Bernhardt Goldstone. JBG agrees to receive 9.5% of the sale of the VOCR library to settle the payment of this loan in full, in addition to whatever sum over and above this amount shall result from VOCR sale equaling her 9.5% ownership.

21. As a result of Exhibits 6 and 7 hereto, Wittbold sold 12% of the VOCR collection to Goldstone.

22. The precise percentages of ownership of the VOCR collection among and between Plaintiffs-Intervenors is inconsequential to this action, as Plaintiffs-Intervenors agree (and it is undisputable) that between them they own 100% of the VOCR collection and that no one else owns any part of the VOCR collection. Further, Plaintiffs-Intervenors have reached agreement among and between themselves that, despite the conflicting information on percentages provided in their contracts with Wittbold, Kelly owns 50%, Felix owns 40%, and Goldstone owns 10% of the VOCR collection.

23. Wittbold filed for divorce from Dennis Somach in 2001 in the Court of Common Pleas of Delaware County, Pennsylvania.

24. In connection with that divorce, Wittbold and Dennis Somach agreed to arbitrate all issues related to rights to property between them. A copy of the Arbitrator's Decision and Award (the "Award") in that action was provided to the Court by the Plaintiffs/Intervention Defendants as an exhibit to the Joint Rule 26(f) Report. Doc. 19.

25. As noted in the Award, Wittbold produced the radio show known as the Classics using interview tapes she had in her possession. Award at 30. The Award gave Wittbold all rights in the Classics radio show and "all of the interview tapes in her possession…." *Id*. at 31.

26. Before she died, Wittbold retained the original tapes of the audio recordings that comprise the VOVR collection, with the consent of Plaintiffs-Intervenors and the understanding such tapes belonged to Plaintiffs-Intervenors. Plaintiffs-Intervenors understood and agreed with Wittbold that she continued to hold the tapes because she planned to use them as part of her efforts to sell the VOCR collection on behalf of Plaintiffs-Intervenors, with her to receive a commission on the sale from Plaintiffs-Intervenors.

27. After Wittbold's death, Plaintiffs-Intervenors received digital copies of the audio recordings that comprise the VOVR collection from Jonathan Firstenberg (whom Plaintiffs/Intervention Defendants wrongfully sued in this action), as he had been assisting Wittbold with the planned marketing and sale of the VOCR collection and he recognized Plaintiffs-Intervenors as the rightful owners of the VOCR collection.

28. Plaintiffs-Intervenors understood that Wittbold had the original audio tapes of the VOCR collection in her possession when she died in 2020. When asked about the whereabouts of the tapes, Defendants/Intervention-Defendants Emily Somach and Reilly Somach represented that the original tapes were missing.

29. As proved by the Award, following the 2004 divorce of Wittbold and Dennis Somach, neither Dennis Somach nor "Denny Somach Productions" ever held any rights in the VOCR collection. As a result, the Plaintiffs/Intervention-Defendants could not have acquired and did not acquire any rights in the VOCR collection from Dennis Somach or Denny Somach Productions.

30. Plaintiffs-Intervenors became aware of this action in 2022. They initially did not perceive a need to intervene, because they already had received digital copies of the audio recordings that comprise the VOCR collection and they believed that Defendants would provide the Court with the necessary facts and that the action would be dismissed, as Plaintiffs/Intervention-Defendants have no rightful claim to ownership of any part of the VOCR collection. Moreover, Plaintiffs-Intervenors had been informed that the original tape recordings, which they own, were missing.

31. Plaintiffs-Intervenors recently learned, however, that, at a settlement conference before Magistrate Judge Sandra Moore Wells, Defendants/Intervention-Defendants Emily Somach and/or Reilly Somach indicated that they have knowledge of the current whereabouts in Massachusetts of the original audio tapes of the interviews and radio programs that are part of the VOCR collection owned by

Plaintiffs-Intervenors. They also learned that Judge Wells directed counsel for Plaintiffs/Intervention-Defendants to go to Massachusetts with Emily Somach and/or Reilly Somach at some time in the month of May 2023 to retrieve those tapes and hold them for safekeeping.

32. This revelation that the original audio tapes of the VOCR collection still exist and had been located has caused Plaintiffs-Intervenors to decide that they should seek to intervene in this case to obtain possession of those tapes because they belong to Plaintiffs-Intervenors and neither the Plaintiffs/Intervention-Defendants nor anyone else has any right to those tapes.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs-Intervenors respectfully requests that the Court enter judgment in their favor and against Intervention-Defendants, and award the following relief:

A. Declare that Plaintiffs-Intervenors are the owners of the VOCR collection, including the original audio tapes, and that Intervention-Defendants have no rights in the VOCR collection.

B. Declare that the VOCR collection consists of, at least, all of the interviews listed in Exhibit 3 hereto, all of the two-hour programs set forth in Exhibit 4 hereto, all of the interviews and radio shows for which Jonathan Firstenberg provided digital copies to Plaintiffs-Intervenors following Wittbold's death, and all of the original tapes of interviews and radio shows that were in Wittbold's possession before her death, including the tapes now

9

believed to be in the possession of Defendants/Intervention-Defendants Emily and Reilly Somach or other persons known to them.

C. Issue preliminary injunctive relief requiring Defendants/Intervention-Defendants Emily and Reilly Somach or other persons in possession of any parts of the VOCR collection, including original tapes of interviews and radio shows that were at one time in the possession of Wittbold, to turn them over to a third-party approved by the Court for safe-keeping during the pendency of this action.

D. Issue permeant injunctive relief requiring Defendants/Intervention-Defendants Emily and Reilly Somach or other persons in possession of any parts of the VOCR collection, including original tapes of interviews and radio shows that were at one time in the possession of Wittbold, to turn them over to Plaintiffs-Intervenors.

E. Grant Plaintiffs-Intervenors such other relief as is just and proper.

**STEVE HARVEY LAW LLC**

Dated: May 3, 3023

By: /s/ Stephen G. Harvey
Stephen G. Harvey
Michael E. Gehring
E. Kelly Conway
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19013
(215) 438-6600
steve@steveharveylaw.com
mike@steveharveylaw.com
kelly@steveharveylaw.com

*Attorneys for Plaintiffs-Intervenors David Kelley, Aviel Felix, and Jill Goldstone*

**VERIFICATION**

I, David Kelley, hereby declare under penalty of perjury of the laws of the United States that I have read the Verified Complaint for Declaratory and Injunctive Relief and that the statements contained in it are true and correct to the best of my knowledge, information, and belief. Further, the statements contained in the Verified Complaint about my percentage ownership of the VOCR collection are true and correct based on my personal knowledge.

Dated: April 3, 2023

*David Kelley*
David Kelley

## **VERIFICATION**

      I, Jill Goldstone, hereby declare under penalty of perjury of the laws of the United States that I have read the Verified Complaint for Declaratory and Injunctive Relief and that the statements contained in it are true and correct to the best of my knowledge, information, and belief. Further, the statements contained in the Verified Complaint about my percentage ownership of the VOCR collection are true and correct based on my personal knowledge.

Dated: May 3, 2023

DocuSigned by:

*Jill Goldstone*

F6C92F17BC684B4...

_____

Jill Goldstone

## VERIFICATION

I, Aviel Felix, hereby declare under penalty of perjury of the laws of the United States that I have read the Verified Complaint for Declaratory and Injunctive Relief and that the statements contained in it are true and correct to the best of my knowledge, information, and belief. Further, the statements contained in the Verified Complaint about my percentage ownership of the VOCR collection are true and correct based on my personal knowledge.

Dated: 5/3/23

Aviel Felix